### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR WALTHOUR** | **:  CIVIL ACTION** |
| | : |
| v. | **:  NO. 16-2162** |
| | : |
| **HERRON**, *et al.* | : |

### MEMORANDUM

**KEARNEY, J.**                                                                  **September 22, 2016**

A husband upset with a state court order allegedly depriving him of rights relating to his

wife's care may sue responsible parties. He may not do so four more times based on different

legal theories after two federal judges dismissed his claims. Victor Walthour, acting *pro se*,

again sues the Honorable John W. Herron, Judge of the Philadelphia Court of Common Pleas,

alleging Judge Herron violated his civil rights by issuing a March 24, 2010 Order removing Mr.

Walthour as guardian of his incapacitated wife, Rosalyn Walthour. Mr. Walthour also sues Paul

Feldman, Esquire, Linda Hobkirk, as his wife's guardian, and PNC Bank as trustee of funds held

for his wife.    Two judges of this Court previously dismissed these claims in four earlier suits in

this Court. Mr. Walthour continues to continually abuse the judicial process by filing meritless

and repetitive actions. We grant the pending motions to dismiss in the accompanying Order and,

consistent with our obligation under 28 U.S.C. § 1915(e)(2)(B)(i),  dismiss the Amended

Complaint.

#### I.  Background

Disappointed with a March 24, 2010 order from the Pennsylvania state court concerning

a guardian for his incapacitated wife, this action marks the fourth time Mr. Walthour sued Judge

Herron and the second time he sued Attorney Feldman, Guardian Hobkirk, and Trustee PNC Bank. A judge on this Court has dismissed each of his complaints.

Mr. Walthour first sued Judge Herron on April 5, 2010 asserting federal question jurisdiction under six federal criminal statutes and 42 U.S.C. §§ 1983, 1985, 1986, and 3631.[1] Mr. Walthour alleged Judge Herron signed a March 24, 2010 Order removing him as guardian of Mrs. Walthour.[2] On May 6, 2010, the Honorable Joel H. Slomsky granted Judge Herron's motion to dismiss Mr. Walthour's complaint.[3] Judge Slomsky found Mr. Walthour failed to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6) because Mr. Walthour's claims under federal criminal statutes do not provide a private right of action; the § 1983 claim against Judge Herron in his official capacity is a claim against the state and cannot be sued for money damages under § 1983; the complaint failed to allege the elements of a conspiracy under §§ 1985 and 1986; the complaint is devoid of allegations relating to claims under the penalties provision of the Fair Housing Act, 42 U.S.C. § 3631; and, any claims against Judge Herron in his personal capacity are barred by judicial immunity.

On March 9, 2011, Mr. Walthour again sued Judge Herron "predicated on the very same facts" as his prior complaint,[4] asserting the Judge violated the Fourteenth Amendment.[5] Mr. Walthour requested we bar Judge Herron from making decisions about his wife and for $10,000 each day he is not reinstated as his wife's guardian.[6] On April 7, 2011, Judge Slomsky granted Judge Herron's motion to dismiss, finding judicial immunity and Eleventh Amendment immunity bars the claim against Judge Herron in his personal capacity and his official capacity.[7]

On January 9, 2013, Mr. Walthour again sued Judge Herron based on the same set of facts,[8] alleging Judge Herron removed him as guardian of his wife under false pretenses— excessive spending of Mrs. Walthour's money. He claimed Judge Herron never set a spending

2

amount or knew how much it would cost to maintain Mrs. Walthour at home. He also alleged, "Judge Herron['s] decision to sell residence of Rosalyn Walthour is surely an act of retaliation for a previous filing of a lawsuit."[9] He also claims Judge Herron improperly "did not broker settlement" but instead "chose to open settlement and alter [the] agreement." As his relief sought, Mr. Walthour requested "Judge Herron reverse any decisions made regarding: 1) removal of Mr. Walthour be overturned [and] 2) Mr. Herron removes himself from any further dealings involving the Walthour family."[10]  Judge Slomsky granted Judge Herron's motion to dismiss, finding Mr. Walthour's claims barred by judicial immunity, Eleventh Amendment immunity, and *res judicata* because Mr. Walthour "filed the instant lawsuit against the same defendant . . . alleging the same claim . . . which has been dismissed on the merits in both 2010 and 2011."[11]

On December 15, 2015, Mr. Walthour then sued Paul Feldman, Linda Hobkirk, and PNC Bank for claims of "conspiracy, breech [sic] of trust, [and] falsified documents" because they "conspired to have [him] removed as Guardian of his wife."[12] The Honorable C. Darnell Jones, after independently screening the *pro se* complaint,[13] dismissed Mr. Walthour's complaint.[14] Judge Jones found multiple deficiencies: conclusory allegations devoid of facts plausibly demonstrating the defendants were state actors under § 1983; lack of jurisdiction to the extent Mr. Walthour sought relief requiring the Court to reject a state court judgment; the two-year statute of limitations bars "the vast majority (if not all)" of Mr. Walthour's claims; and, lack of basis for diversity jurisdiction as to the state law claims.[15] Judge Jones also found Mr. Walthour "has previously attempted to litigate claims in this Court based on several of the same events giving rise to plaintiff's claims in this case."[16] To the extent Mr. Walthour had reasserted repetitive claims, Judge Jones dismissed those claims as malicious.[17] Judge Jones denied Mr. Walthour leave to amend because "amendment would be futile."[18]

3

Mr. Walthour responded eight days later by filing what Judge Jones later liberally construed as a motion for reconsideration, alleging he had not asked the Court to review a state court judgment.[19] Mr. Walthour explained his marital rights were violated, "a financial institution" had removed him as guardian of his wife, a judge had improperly changed the settlement agreement of another judge in violation of federal law, and his home should not have been sold.[20] Judge Jones denied Mr. Walthour's motion for reconsideration.[21] Mr. Walthour then asked to amend his dismissed complaint to add Judge Herron as a defendant.[22] Judge Jones denied the motion, explaining, "There is no legal basis for plaintiff's proposed amendments against Judge Herron because Judge Herron is entitled to absolute judicial immunity from plaintiff's § 1983 claims."[23]

In February 2016, Mr. Walthour filed a "response on refusing to hear my complaint," with Judge Jones alleging "not you or any other judge has absolute immunity if a citizens [sic] civil rights are violated."[24] Mr. Walthour questioned Judge Jones' motive: "[I]t seems to me your honor, you'd rather protect a collegue [sic] more than protect a citizen, whereas it is the citizens that pay your salary."[25] Mr. Walthour then moved to vacate Judge Jones' Order denying his request to amend the complaint, arguing Judge Herron's "decision was based on racism."[26] On March 29, 2016, Judge Jones denied Mr. Walthour's motion.[27]

Undeterred, Mr. Walthour filed this case in May 2016, alleging federal question jurisdiction under federal criminal statutes, the First Amendment, the "Freedom to Associate," the "Right to make medical decisions," and the "Right to make financial decisions."[28] Mr. Walthour's allegations consist of four words: "Kidnapped Mrs. Victor Walthour."[29] As to relief sought, Mr. Walthour merely mentioned the docket number of his prior lawsuit against Paul Feldman, Linda Hobkirk, and PNC Bank: "See 15-6643."[30] On June 3, 2016, Mr. Walthour

4

requested both an injunction and for permission to amend his complaint.[31] We granted Mr. Walthour leave to amend his complaint no later than June 15, 2016.

He did not do so. Instead, Mr. Walthour filed two more motions for injunctive relief,[32] a motion to amend his complaint to add additional plaintiffs,[33] a document "elaborate[ing] further on PNC Bank,"[34] and a document merely stating "I do not wish to own PNC Bank but I do want punitive damages that are available as the court deems reasonable."[35] We denied the motions.[36]

Soon after, Mr. Walthour filed a document entitled "deprived of rights."[37] Mr. Walthour states, "The court order created by [Judge] Herron is nothing short of a court authorized kidnapping."[38] He claims he is denied the "liberty of making medical decisions for Mrs. Walthour," including "the right to decide if Mrs. Walthour can be put in an Urn or a Casket without the courts [sic] approval."[39] Mr. Walthour calls Mrs. Walthour his "property," stating Defendants "took mr. walthour's property and ran off with her to some place other than her own home."[40] He also claimed his "fiduciary rights are being denied as [] a result of Judge John w. Herron's order, giving [Defendants PNC Bank, Paul Feldman, and Linda Hobkirk] the liberty of making financial decisions rightfully belonging to" him.[41] He concluded by asking for us to find Judge Herron's order violates the First, Ninth, and Fourteenth Amendments.[42]

On July 18, 2016, after noting Mr. Walthour's failure to comply with our June 3, 2016 Order to amend his complaint by June 15, 2016, we ordered Mr. Walthour amend his complaint within ten days.[43] Four days later, Mr. Walthour filed an untitled two-page document, which begins, "Your honor, it seems like I am being asked to jump through hoops here."[44] He continues, "[T]he court keeps asking me to tell them who did what, when it doesn't matter who did what individually, what matters is they did violate my rights collectively."[45]

5

Mr. Walthour moved us to construe the "deprived of rights" document as his Amended Complaint.[46] Instead, we ordered the untitled two-page document filed by Mr. Walthour be construed as his *pro se* Amended Complaint.[47] In his Amended Complaint, Mr. Walthour alleges Judge Herron's March 24, 2010 order violates the Privileges and Immunities Clause of the Fourteenth Amendment because he is deprived "the privilege to make medical decisions" for his wife.[48] The Amended Complaint does not allege any facts as to the remaining Defendants. We have no understanding of the role of Attorney Feldman but can glean Hopkirk is not Mrs. Walthour's guardian and PNC Bank is the trustee of funds held for Mrs. Walthour's benefit.

## II.    Analysis

Paul Feldman, Esq. and Judge Herron move to dismiss for failure to state a claim on which relief can be granted.[49] Mr. Feldman argues Mr. Walthour does not plead facts against him and fails to plead a prayer for relief.[50] Judge Herron argues: the claims are barred by Eleventh Amendment immunity, judicial immunity, the Rooker-Feldman doctrine; the Philadelphia County Court of Common Pleas over which he presides is a state entity and not a "person" subject to suit under § 1983; and Mr. Walthour fails to plead a prayer for relief.[51] We grant Defendants' motions to dismiss in the accompanying Order.

### A.  The claims are barred by *res judicata.*

Mr. Walthour's claims are barred by *res judicata. Res judicata*, or claim preclusion, "bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation."[52] This doctrine bars both claims actually brought and "claims that could have been brought."[53] "Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities [sic]; and (3) a subsequent suit based on the same cause of

6

action."[54] "We take a 'broad view' of what constitutes the same cause of action."[55] Whether a claim is precluded turns on "the essential similarity of the underlying events giving rise to the various legal claims."[56]

Mr. Walthour's most recent lawsuit assigned to me concerns the same underlying events as his earlier prior lawsuits. Mr. Walthour filed three prior lawsuits against Judge Herron. All of these lawsuits relate to Judge Herron's March 24, 2010 order removing Mr. Walthour as his wife's guardian. Mr. Walthour's earlier lawsuit against Paul Feldman, Esquire, Linda Hobkirk, and PNC Bank involves claims of "conspiracy, breech [sic] of trust, [and] falsified documents" because they "conspired to have [him] removed as Guardian of his wife."[57] Our colleagues Judges Slomsky and Jones dismissed these lawsuits on the merits. Claim preclusion bars Mr. Walthour's present lawsuit challenging the validity of Judge Herron's March 24, 2010 order because he already brought meritless claims against these individuals for claims involving the same core facts.

**B. Mr. Walthour's serial filings evidence his intent to vex or harass the Defendants.**

Mr. Walthour's amended complaint is also dismissed as malicious. In actions where the plaintiff is proceeding *in forma pauperis*, we "shall dismiss the case at any time" if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief against an immune defendant.[58] To determine whether an action is malicious, we must "engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant."[59]

"Several district courts within the Third Circuit further explain that courts must look to whether the litigant has engaged in repetitive litigation and relitigation of claims from prior cases when examining maliciousness."[60] In *Abdul-Akbar v. Department of Corrections*,[61] the district

7

court dismissed the plaintiff's civil rights claims as malicious where the plaintiff litigated variations of its claims three times before and lost.[62] In *Hurst v. Counselman*,[63] our Court of Appeals affirmed the dismissal of the appellant's civil rights complaint as malicious, finding the complaint duplicative of two earlier meritless cases based on the same nucleus of operative facts.[64]

Mr. Walthour demonstrates a motive to harass. Mr. Walthour already sued Judge Herron three times, and the remaining Defendants one time, for claims arising from the same nucleus of operative facts. Mr. Walthour's attempts to replead meritless claims demonstrates his ill motive. Our finding of maliciousness is bolstered by Judge Jones' recent dismissal of Mr. Walthour's claims as malicious.[65]

Mr. Walthour's admissions also support a finding of maliciousness, as they demonstrate his intent to disregard prior court rulings to relitigate his meritless claims. Mr. Walthour alleged in one of his filings, "[T]he court keeps asking me to tell them who did what, when it doesn't matter who did what individually, what matters is they did violate my rights collectively."[66] Additionally, in Mr. Walthour's most recent civil action against Feldman, Hobkirk, and PNC Bank, Judge Jones ordered dismissal of the complaint without leave to amend. Despite Judge Jones' Order, Mr. Walthour moved to amend the complaint to add Judge Herron as a defendant. Jones Jones denied the motion, finding "no legal basis for plaintiff's proposed amendments against Judge Herron because Judge Herron is entitled to absolute judicial immunity from plaintiff's § 1983 claims."[67] Mr. Walthour responded, "[N]ot you or any other judge has absolute immunity if a citizens [sic] civil rights are violated."[68] We find Mr. Walthour's Amended Complaint is malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

8

### C. Mr. Walthour must show good cause before filing another action against these Defendants based on the March 24, 2010 order.

Mr. Walthour filed five largely repetitive complaints with this Court arising from Judge Herron's March 24, 2010 order. He asserts the same underlying fact pattern but has varied his claims under the United States Constitution. He continues to sue immune parties and otherwise require scarce government resources to answer his serial filings. Three judges now found his claims lack merit. In the accompanying Order, we specifically place Mr. Walthour on notice of our pre-filing requirement of obtaining our approval through a showing of good cause before any further lawsuits against Judge Herron, Attorney Feldman, Guardian Hobkirk and Trustee PNC Bank arising from the repeated fact pattern in the five cases. This pre-filing approval is narrowly tailored to claims against one or more these named Defendants arising from Judge Herron's order addressing the guardianship over Mrs. Hobkirk.[69]

### III.    Conclusion

Mr. Walthour's claims are barred by the doctrine of *res judicata* because he merely seeks to relitigate prior meritless claims against the same Defendants. We appreciate his anguish with court rulings but, having filed his claims and judges dismissing his claims, he cannot serially file the same claims with the same facts hoping for a different result. Mr. Walthour's Amended Complaint is also dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because he has demonstrated an intent to harass Defendants with claims that were previously deemed meritless. We dismiss Mr. Walthour's Amended Complaint with prejudice in the accompanying Order.

---

[1] Complaint, *Walthour, Sr. v. Judge Jon Herron*, No. 10-1495 (E.D. Pa. Apr. 5, 2015), ECF Doc. No. 1.

[2] *Id.*

9

[3] *Walthour v. Herron*, No. 10-1495, 2010 WL 1877704 (E.D. Pa. May 6, 2010).

[4] *Walthour v. Herron*, No. 11-1690, 2011 WL 1325981, at *1 (E.D. Pa. Apr. 7, 2011).

[5] Complaint, *Walthour v. Herron*, No. 10-1690 (E.D. Pa. May 6, 2010).

[6] Complaint at V, *Walthour v. Herron*, No. 10-1690 (E.D. Pa. May 6, 2010).

[7] *Walthour v. Herron*, No. 11-1690, 2011 WL 1325981, at *2 (E.D. Pa. Apr. 7, 2011).

[8] Complaint, *Walthour v. Herron*, No. 13-112 (E.D. Pa. Jan. 1, 2013).

[9] *Id.* at IV.

[10] *Id.* at V.

[11] Order at n.1, *Walthour v. Herron*, No. 13-112 (E.D. Pa. Apr. 1, 2013).

[12] Complaint, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 15, 2015), ECF Doc No. 1-1.

[13] We are obligated to screen complaints when a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

[14] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 22, 2015).

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Motion for Reconsideration, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 30, 2015), ECF Doc. No. 6.

[20] *Id.*

[21] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Jan. 12, 2016).

[22] Request to Amend Complaint, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Jan. 21, 2016), ECF Doc. No. 8.

[23] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Jan. 25, 2016).

[24] Response on Refusing to Hear My Complaint, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Feb. 4, 2016), ECF Doc. No. 10.

[25] *Id.* at 1.

[26] Motion, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Feb. 4, 2016), ECF Doc. No. 11.

[27] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Mar. 29, 2016).

[28] Complaint at II.B., *Walthour v. Feldman*, No. 16-2162 (E.D. Pa. May 26, 2016), ECF Doc. No. 4.

[29] *Id.* at III.C.

[30] *Id.* at V.

[31] (ECF Doc. Nos. 5 & 6).

[32] (ECF Doc. Nos. 9 & 16).

[33] (ECF Doc. No. 11).

[34] (ECF Doc. No. 12).

[35] (ECF Doc. No. 15).

[36] (ECF Doc. Nos. 9, 16, 11,).

[37] (ECF Doc. No. 13).

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] (ECF Doc. No. 17).

[44] (ECF Doc. No. 18).

11

[45] *Id.*

[46] (ECF Doc. No. 19).

[47] (ECF Doc. No. 20).

[48] (ECF Doc. No. 18).

[49] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.,* 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).    The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). Because Mr. Walthour proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[50] (ECF Doc. No. 23, at ¶¶ 3–4.).

[51] (ECF Doc. No. 21, at ¶¶ 6, 8–11.).

[52] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014).

[53] *Id.* (emphasis omitted) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)).

[54] *Id.* at 276 (quoting *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc.—Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)).

[55] *Sheridan*, 609 F.3d at 261 (quoting *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999)).

[56] *Blunt*, 767 F.3d at 276 (emphasis omitted) (quoting *Sheridan*, 609 F.3d at 261).

[57] Complaint, *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 15, 2015), ECF Doc No. 1-1.

[58] 28 U.S.C. § 1915(e)(2)(B).

[59] *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).

[60] *Mawson v. Pittston Police Dep't*, 145 F. Supp. 3d 363, 380 (M.D. Pa. 2015) (collecting cases); *see also Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose.").

[61] 910 F. Supp. 986, 1003 (D. Del. 1995).

[62] *Abdul-Akbar*, 910 F. Supp. at 1003.

[63] 436 F. App'x 58, 61 (3d Cir. 2011).

[64] *Hurst*, 436 F. App'x at 61.

[65] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Dec. 22, 2015).

[66] (ECF Doc. No. 18).

[67] *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Jan. 25, 2016).

[68] "Response on Refusing to Hear My Complaint", *Walthour v. Feldman*, No. 15-6643 (E.D. Pa. Feb. 4, 2016), ECF Doc. No. 10.

[69] *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).